UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

**BRIAN OFSIE**

                             Debtor.
--------------------------------------------------------x

                                      Chapter 7

                                      Case No.: 817-77510 ast

## NOTICE OF PRESENTMENT

      **PLEASE TAKE NOTICE,** that on September 5, 2018, upon the Motion of R. Kenneth Barnard, Esq. as Chapter 7 Trustee (the "Trustee") of the Estate of Brian Ofsie (the "Debtor"), to compromise and settle certain claims and/or causes of action of the Estate, upon the terms set forth in the "Stipulation of Settlement", dated July 3, 2018, the Trustee will present the annexed Order to Judge Alan S. Trust, for signature, and

      **PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the proposed Order, shall be made in writing, filed with the Court as follows: (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order No. 559) which may be accessed through the Internet at the Court's website at www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of

the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph,

shall be served upon the Debtor's counsel, The Law Offices of R. Kenneth Barnard, 3305

Jerusalem Avenue, Suite 215, Wantagh, New York 11793, the Office of the United States

Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, and

filed with the Clerk of the Bankruptcy Court, with a copy to Chambers, so as to be received no

later than seven days prior to the scheduled presentment of the Order; and

**PLEASE BE ADVISED that if an objection is timely filed to the relief requested, or if the
Court determines that a hearing is appropriate, the Court will schedule a hearing.  Notice of
such hearing will be provided by the movant.**

Dated: Wantagh, New York
     August 3, 2018

                               **LAW OFFICES OF
R. KENNETH BARNARD**
Attorneys for the Trustee

By:    **_s/ R. Kenneth Barnard_**
        R. Kenneth Barnard
        3305 Jerusalem Avenue
        Suite 215
        Wantagh, New York 11793
        (516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

**BRIAN OFSIE**

                      Debtor.

--------------------------------------------------------x

                                     Chapter 7

                                     Case No.: 817-77510 ast

### MOTION OF THE TRUSTEE TO COMPROMISE AND SETTLE CERTAIN CLAIMS AND CAUSES OF ACTION OF  THE ESTATE UPON THE TERMS SET FORTH IN THE "STIPULATION OF SETTLEMENT", DATED  7/3/18

       R. Kenneth Barnard, Esq., the Chapter 7 Trustee (the "Trustee") of the Estate of Brian

Ofsie (the "Debtor"), hereby seeks the entry of an order, pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure, authorizing the Trustee to compromise and settle certain

claims and/or causes of action of the Estate, arising from or related to the purchase, ownership

and/or maintenance of the real property at 29 Farm Lane, Roslyn Heights, NY 11577 (the

"**Roslyn Heights Property**"), including but not limited to those arising under 11 U.S.C. §§ 105,

541, 542, 548, 544, & 550, and New York Debtor and Creditor Law § 272, et seq., and at

common law and in equity, seeking an Order (i) imposing a constructive trust or equitable lien

upon the Roslyn Heights Property,  (ii) awarding the Estate money damages for unjust

enrichment, (iii) establishing or declaring an ownership interest in the Roslyn Heights Property,

(iv) avoiding the Debtor's payment of various expenses related to the Roslyn Heights Property

and awarding money damages in an amount equivalent thereto , (v) awarding money damages

in an amount equivalent to sums paid by Debtor toward the purchase price, and/or sums paid

by Debtor to satisfy the mortgage on the Roslyn Heights Property, and (vi) imposing a charging

lien upon Debtor's Share of the Sale Proceeds from the Roslyn Heights Property or awarding

money damages in an amount equivalent to those proceeds, (hereinafter collectively referred to as the "**Real Estate Claims**"), upon the terms set forth in the "Stipulation of Settlement", dated 7/3/18 (the "**Stipulation**"), and such other and further relief as the Court deems just and proper.

## BACKGROUND

1.       On 12/05/17 (the "**Filing Date**"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereupon, by Notice of Appointment, R. Kenneth Barnard, Esq., was appointed Chapter 7 Trustee of the Debtor's estate (the "**Trustee**") and has since duly qualified, and is acting as the permanent Trustee in this case.

2.       On November 10, 2001 the Debtor and Christine Inghilterra were married.

3.       The Debtor and Christine Inghilterra have four (4) children, to wit:  Alexandra (born 2004), Nicole (born 2004), Michael (born 2007) and Matthew (born 2008).

4.       On May 19, 2004 the Roslyn Heights House was purchased for the sum $1,925,000.00 and titled to Christine  Inghilterra.

5.       The purchase price for the Roslyn Heights House was paid from the proceeds of a mortgage loan of $1,250,000.00, with the balance of the purchase price being paid with equal contributions from the Debtor and Christine Inghilterra.

6.       Since its acquisition, the Debtor and Christine Inghilterra and their four children have occupied the Roslyn Heights House as their principle residence.

7.       In or about February 2012, the mortgage on the Roslyn Heights House, which had been reduced to $951,000.00 was paid off, using $358,000.00 of Christine Inghilterra's

seperate funds, and $593,000.00 of the Debtor's funds.

8.      Christina Inghilterra has commenced an action in the New York State Supreme Court for

the County of Nassau, captioned "Christine Inghilterra vs Brian S Ofsie, Index No.:

202094/2017" seeking a divorce (the "**Divorce Action**").

9.      In connection with the Divorce Action, the Debtor and Christina Inghilterra  have both

executed a "Settlement Agreement through Mediation" dated October 11, 2017 (the

"**Divorce Agreement**").

10.     Under the terms of the Divorce Agreement, the Roslyn Heights House is to be sold upon

the youngest child graduating from college, and upon the sale of the Roslyn Heights

House, the Debtor is to receive $643,723.00 plus a portion of the any part of the

proceeds exceeding $1.6M.

11.     Between 2004 and the present, the Debtor has expended significant sums in payment

of various expenses related to the Roslyn Heights House, including but not limited to

real estate taxes, insurance, maintenance and repairs bills, and other charges.

12.     The Estate has asserted or could assert various claims and causes of action,  including

but not limited to the Real Estate Claims, as hereinabove described.

13.     The Trustee has advised the Debtor of his intent to pursue the Real Estate Claims. In

order to avoid the expenses related to the Real Estate Claims, the Debtor has entered

into negotiations with the Trustee in an effort to settle those claims.

### THE STIPULATION

14.     After extensive negotiations, the parties have come to a Stipulation of Settlement,

pursuant to which the Debtor is to pay the estate the sum $250,000.00 in settlement

and release of the Estate's Real Estate Claims.

15.    The Stipulation provides, <u>inter alia</u>, : "The Debtor shall pay to the Estate, in settlement

and release of the Estate's Real Estate Claims,  the total sum two hundred and fifty

thousand dollars ($250,000.00) (the "**Settlement Sum**"), by bank check or money order,

payable to "R. Kenneth Barnard, as Trustee", delivered in full simultaneously with the

execution and delivery of this agreement."

16.    A copy of the Stipulation is annexed hereto as Exhibit "A".  The Court and all interested

parties are respectfully referred to the Stipulation for the precise terms thereof.

10.    The Trustee believes that the settlement offer is fair and reasonable and should be

accepted by this estate and the Stipulation approved by the Court.

11.    Any right to receive an exemption in and to any part of the sums paid pursuant to the

Stipulation, or to receive any distribution from the estate whatsoever, has been waived

by the Debtor

17.    In agreeing to settle the instant action the Trustee carefully considered that the estate

had only a limited interest in the Property. Furthermore, the Trustee also considered

the litigation which might be required, and that any such litigation could add significant

additional administrative costs to this estate without necessarily improving the net

recovery to the creditors. After due consideration of these and other relevant matters,

the Trustee believes that the proposed Stipulation of Settlement is in the best interests

of this estate and its creditors.

### LEGAL AUTHORITY

18.    Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Rules"), which governs

the approval of compromises and settlements, provides as follows:

> On motion by the Trustee, and after a hearing on notice to creditors, the Debtor and indenture trustees as provided in Rule 2002(a), and to such other entities as the court may designate, the Court may approve a compromise or settlement.

See Rule 9019(a).

19.     As stated in Arrow Air, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". Arrow Air, 85 B.R. at 891.  In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee [or debtor in possession]". Depo, 77 B.R. at 384 (citations omitted).  Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall [s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert denied, 409 U.S. 1039 (1972). See Holywell 93 B.R. at 294.  ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'") (quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2d Cir. 1985).  In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee [or debtor in possession], the parties and their counsel." Bell & Beckwith, 77 B.R. at 512.

20.     In light of the benefits associated with the settlement and the very limited costs to the estate associated with the settlement, the Trustee believes that the instant settlement, is fair and reasonable and in the best interests of the estate.  Accordingly, and based on

the foregoing, the Trustee respectfully requests that the Court authorize and approve

the Stipulation.

21.    No prior application for the relief sought herein has been made to this or any other

Court.

WHEREFORE, for the reasons stated above, the Trustee respectfully requests that the

Court grant the relief requested herein, and for such other, further and different relief as this

Court deems just and proper.

Dated:  Wantagh, New York
            August 3, 2018

                                        LAW OFFICES OF
                                        R. KENNETH BARNARD
                                        Attorneys for the Trustee

                            By:    *s/ R. Kenneth Barnard*
                                        R. Kenneth Barnard
                                        3305 Jerusalem Avenue
                                        Suite 215
                                        Wantagh, New York 11793
                                        (516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

**BRIAN OFSIE**

                            Debtor.
--------------------------------------------------------x

                                Chapter 7

                                Case No.: 817-77510 ast

### ORDER AUTHORIZING THE TRUSTEE TO COMPROMISE AND SETTLE CERTAIN CLAIMS OF THE ESTATE UPON THE TERMS SET FORTH IN THE "STIPULATION OF SETTLEMENT", DATED 7/3/18

      **UPON** the Motion, by presentment, of R. Kenneth Barnard, Esq., as Trustee for the

estate of Brian Ofsie, seeking the entry of an Order, pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure, authorizing the Trustee to compromise and settle certain

claims and/or causes of action of the Estate, arising from or related to the purchase,

ownership and/or maintenance of the real property at 29 Farm Lane, Roslyn Heights, NY

11577 (the "**Roslyn Heights Property**"), including but not limited to those arising under 11

U.S.C. §§ 105, 541, 542, 548, 544, & 550, and New York Debtor and Creditor Law § 272, et

seq., and at common law and in equity, seeking an Order (i) imposing a constructive trust or

equitable lien upon the Roslyn Heights Property,  (ii) awarding the Estate money damages for

unjust enrichment, (iii) establishing or declaring an ownership interest in the Roslyn Heights

Property, (iv) avoiding the Debtor's payment of various expenses related to the Roslyn Heights

Property and awarding money damages in an amount equivalent thereto , (v) awarding money

damages in an amount equivalent to sums paid by Debtor toward the purchase price, and/or

sums paid by Debtor to satisfy the mortgage on the Roslyn Heights Property, and (vi) imposing

a charging lien upon Debtor's Share of the Sale Proceeds from the Roslyn Heights Property or

awarding money damages in an amount equivalent to those proceeds, upon the terms set forth in the "Stipulation of Settlement", dated 7/3/18 (the "**Stipulation**"), and granting the Trustee such other, further and different relief as the Court deems just and proper; and there having been no opposition to the relief requested; and no additional notice being necessary or required; it is

        **ORDERED**, that:

        1.      The Motion is granted to the extent provided herein.

        2.      Pursuant to Bankruptcy Rule 9019 the Stipulation, and all of its terms and conditions, are approved.

        3.      The Trustee is authorized to take any and all actions reasonably necessary to consummate the Stipulation and perform any and all obligations contemplated therein.

        4.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                        Chapter 7

**BRIAN OFSIE**

                                        Case No.: 817-77510 ast

                      Debtor.
------------------------------------------------------X

## <u>STIPULATION OF SETTLEMENT</u>

      This Stipulation of Settlement (the "Stipulation") is made and entered into, as of July 3, 2018, by and between R. Kenneth Barnard, Esq. (the "Trustee"), solely in his capacity as Trustee of the bankruptcy estate of Brian Ofsie, and the Debtor herein Brian Ofsie (the "Debtor"), individually and by his undersigned attorneys, Lester & Associates, P.C.

<u>RECITALS</u>

      WHEREAS, the Debtor filed a voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on 12/05/17(the "Filing Date"); and

      WHEREAS, R. Kenneth Barnard was appointed Chapter 7 Trustee and has qualified and is acting in that capacity; and

      WHEREAS, on November 10, 2001 the Debtor and Christine Inghilterra were marred; and

      WHEREAS, the Debtor and Christine Inghilterra have four (4) children, to wit: Alexandra born 2004, Nicole born 2004, Michael born 2007 and Matthew born 2008; and

      WHEREAS, on May 19, 2004 the real property at 29 Farm Lane, Roslyn Heights, NY 11577 and located on the Nassau County Land and Tax Map as Section 7, Block 165, Lot 10 (the "Roslyn Heights House"), was purchased for the sum $1,925,000.00 and titled to Christine Inghilterra; and

      WHEREAS, the purchase price for the Roslyn Heights House was paid from the proceeds of a mortgage loan of $1,250,000.00, with the balance of the purchase price being paid with equal contribution from the Debtor and Christine Inghilterra; and

      WHEREAS, since its acquisition, the Debtor and Christine Inghilterra and their four children have occupied the Roslyn Heights House as their principle residence; and

WHEREAS, in or about February 2012, the mortgage on the Roslyn Heights House, which had been reduced to $951,000.00 was paid off, using $358,000.00 of Christine Inghilterra's seperate funds, and $593,000.00 of the Debtor's funds; and

WHEREAS, Christina Inghilterra has commenced an action in the New York State Supreme Court for the County of Nassau, captioned "Christine Inghilterra vs Brian S Ofsie, Index No.: 202094/2017" seeking a divorce (the "Divorce Action"); and

WHEREAS, in connection with the Divorce Action, the Debtor and Christina Inghilterra have both executed a "Settlement Agreement through Mediation" dated October 11, 2017 (the "Divorce Agreement"); and

WHEREAS, under the terms of the Divorce Agreement, the Roslyn Heights House is to be sold upon the youngest child graduating from college, and upon the sale of the Roslyn Heights House, the Debtor is to receive $643,723.00 plus a portion of the any part of the proceeds exceeding $1.6M (hereinafter referred to as the "Debtor's Share of the Roslyn Heights Sale Proceeds"); and

WHEREAS, that between 2004 and the present, the Debtor has expended significant sums in payment of various expenses related to the Roslyn Heights House, including but not limited to real estate taxes, insurance, maintenance and repairs bills, and other charges; and

WHEREAS, the Estate has asserted or could assert various claims and causes of action, including but not limited to those arising under 11 U.S.C. §§ 105, 541, 542, 548, 544, & 550, and New York Debtor and Creditor Law § 272, et seq., and at common law and in equity to establish a constructive trust or equitable lien, or to seek recovery for unjust enrichment, (i) seeking to establish an ownership interest in the Roslyn Heights House, (ii) seeking to avoid/recover the Debtor's payment of various expenses related to the Roslyn Heights House, (iii) seeking recovery of sums paid by Debtor toward the purchase price, and/or sums paid by Debtor to satisfy the mortgage on the  Roslyn Heights House, and (iv) seeking recovery of Debtor's Share of the Roslyn Heights Sale Proceeds (hereinafter collectively referred to as the "Real Estate Claims").

NOW, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.      The foregoing recitals are true and correct and shall be deemed incorporated herein.

2.      The Debtor shall pay to the Estate, in settlement and release of the Estate's Real Estate Claims,  the total sum two hundred and fifty thousand dollars ($250,000.00) (the "Settlement Sum"), by bank check or money order, payable to "R. Kenneth Barnard, as Trustee", delivered in full simultaneously with the execution and delivery of this agreement.

3.      This agreement is subject to the approval of the Bankruptcy Court. If, through no fault of the Debtor, an order denying approval of this Stipulation is entered by the Court, then this Stipulation in its entirety, shall be deemed *void ab initio* and the Trustee shall return any portion of the Settlement Sum previously paid to the Trustee. Further, in the event the check delivered by the Debtor in payment of the Settlement Sum shall be dishonored or returned unpaid, for any reason, this agreement in its entirety shall be deemed *void ab initio*. In either such event, the *status quo ante,* as between the parties prior to the execution of this Stipulation, shall be restored, each Party shall remain vested with all rights, claims and defenses against the others as if this Stipulation had not been executed. In such case, nothing herein can be used by any party hereto against any other party hereto as an admission or as the basis of any liability for any claims or in support of any defense thereto. Any applicable statute of limitations shall be deemed tolled for the period commencing from the date hereof and continuing through the entry of an order denying approval of the settlement.

4.      Upon payment in full of the Settlement Sum, in consideration of the covenants contained in this Stipulation, and in consideration of the Settlement Sum and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the Estate each shall conclusively be deemed to have released the Debtor, from any and all liability on the Real Estate Claims. Nothing contained herein shall be deemed a release or waiver by the estate of any interest in, claim to, or right to sell or liquidate any other property of the estate.

5.      The Debtor waives and withdraws any right to receive a distribution of any part of the funds to be paid hereunder as or on account of any claimed exemption, or to receive any distribution from the estate whatsoever, and otherwise waives any exemption in and to any part of the Settlement Sum, and withdraws, waives and releases any proof of claim, claim for relief, demand, claim for costs, expenses, damages, liabilities, or obligations of any nature.

6.      In consideration of the covenants contained in this Stipulation, and in consideration of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtor (in this paragraph, "Releasor") shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (collectively, in this paragraph, "Releasees"), Releasees' heirs, executors, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, the Releasor, Releasor's successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation.

7.    Acceptance of any partial payment hereunder, shall not be deemed a waiver of any default.

8.    Any notice to be given to the Debtor hereunder, shall be deemed sufficient if sent by regular mail, addressed to:

> Brian Ofsie
> 29 Farm Lane
> Roslyn Heights, NY 11577
>
> with copy to:
>
> Lester & Associates, P.C.
> 600 Old Country Road
> Suite 229
> Garden City, NY 11530

9.    This Agreement may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for the purposes of this Agreement.

10.   This Agreement may not be altered, modified, or changed unless in writing, signed by the Parties (or their counsel), and subject to appropriate order of the Bankruptcy Court.

11.   The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Agreement including, but not limited to, its enforcement, and the implementation and interpretation of its terms and conditions. The Parties knowingly, voluntarily and irrevocably consent to the exclusive jurisdiction of the Court to enter a final judgment arising from any dispute concerning, or the enforcement of, the terms and provisions of this Stipulation.

12.    This Agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable without regard to any conflicts of law principles.

R. KENNETH BARNARD, ESQ., solely in his capacity as Trustee for the Estate of Brian Ofsie

By: _s/ R. Kenneth Barnard_____

BRIAN OFSIE, Debtor

By: _s/ Brian Ofsie_____

LESTER & ASSOCIATES, P.C.
Attorneys for Debtor

By: _s/ Roy J. Lester_____